1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NAHU RODRIQUEZ,

11            Petitioner,                    No. 2:10-cv-1226 GEB KJN P

12        vs.

13   GARY SWARTHOUT,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17            Petitioner is a state prisoner proceeding without counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that a 2008 prison disciplinary

19   decision violated his federal due process rights because the disciplinary conviction affects his

20   eligibility or suitability for parole, as well as the frequency of his parole hearings.  (Dkt. No. 12.)

21   Petitioner seeks dismissal of the CDC-115 based upon allegedly insufficient evidence to

22   substantiate the guilty finding.  Respondent has filed a motion to dismiss on the ground that

23   petitioner fails to state a cognizable claim for federal habeas relief because his claim allegedly

24   "does not necessarily implicate the fact or duration of his incarceration under his life sentence."

25   (Dkt. No. 11 at 2.)  Petitioner has filed an opposition and respondent has filed a reply.  As

26   explained below, the court recommends that respondent's motion to dismiss be denied.

1

II.  Standards/Analysis

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1094 n.14 (9th Cir. 1986)[1] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief.").  A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement.  Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").  In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison.  Id.

"Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

Here, the court has habeas corpus jurisdiction over petitioner's due process claims in connection with his 2008 disciplinary hearing and thirty days loss of credits imposed as a result.  In 1996, petitioner was sentenced to life in state prison for attempted murder.  (Dkt. No.

---

[1]  Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

1   11, Ex. 1.)  Although petitioner is serving an indeterminate sentence, the Board of Parole

2   Hearings ("Board") is already considering him for parole suitability.

3          Moreover, pursuant to California Code of Regulations § 2402(a), the Board is

4   required to determine petitioner's suitability for parole by considering:  his "involvement in other

5   criminal misconduct which is reliably documented;" his "behavior before, during, and after the

6   crime;" and whether he "has engaged in serious misconduct in prison or jail."  Cal. Code Regs.

7   tit. 15, § 2402(b), (c)(6) (2010).  Institutional behavior is given additional consideration because

8   "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."

9   Id. § 2402(d)(9).  Therefore, the Board is required to consider petitioner's prison disciplinary

10  record in determining his suitability for parole.

11         Petitioner's prison discipline for possession of contraband is "criminal misconduct

12  which is reliably documented."  Id. § 2402(b).  The Board is required to consider the violation

13  because it reflects on petitioner's behavior "after the crime."  Id.  While the prison discipline was

14  not the main focus for the Board's denial of parole to petitioner in 2009,[2] the Board warned

15  _____

16       [2]  During the hearing, the Board noted that at petitioner's 2007 hearing, he was denied
    parole for two years and was asked to remain disciplinary free, earn some positive chronos, and
17  work more on self-help. (Dkt. No. 13-1 at 30.)  The Board observed petitioner received a 115 on
    October 29, 2008, for possession of a cell phone. (Id.)  Petitioner was asked what he was doing
18  in possession of a cell phone.  Petitioner explained that:

19       It was [his] cell mate's.  He had both phones and what happened was when they
         came in to search the cell, he had dropped them down and when he dropped them
20       down, one fell on the side of my bunk.

21       DEPUTY COMMISSIONER POE:  Okay.  So where did the other one go?  Let
         me turn to that.
22
23       [PETITIONER]:  Oh, he had thrown one down.  One stayed in his pocket and the
         other went underneath my bunk.  I have a statement here from him saying that
         both cell phones were his.
24
25       DEPUTY COMMISSIONER POE:  Did you ever discuss that when you had your
         115 hearing?  Did you ever mention that?

26       [PETITIONER]:  Yes.  And my cell mate also told the captain that they were his.

3

1  petitioner he should "become disciplinary free.  No more 115s or 128s."  (Dkt. No. 13-1 at 74.)

2  This was the same warning given petitioner in 2007.  (Id. at 31.)  Ultimately, the Board found

3  petitioner unsuitable for parole and issued him a five-year denial.  (Dkt. No. 13-1 at 74.)

4               Respondent argues habeas jurisdiction is lacking because petitioner's challenge

5  will not necessarily shorten petitioner's sentence, relying, inter alia, on Ramirez v. Galaza, 334

6  F.3d 850, 859 (9th Cir. 2003).[3]  This court is unpersuaded by respondent's argument.  Reversal

7  or expungement of petitioner's conviction for the rules violation, if warranted, is both "likely" to

8  accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the

9  duration of [his] confinement."  Docken, 393 F.3d at 1031.  See, e.g., Murphy v. Dep't of Corrs.

10  & Rehabilitation, No. C 06-4956 MHP, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas

11  corpus jurisdiction is proper over challenge to disciplinary guilty finding because "[a]s a matter

12  of law, it is well established that a disciplinary violation may affect the duration of an inmate's

13  confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13,

14  2007) (habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision

15  because "a negative disciplinary finding, at least in California, necessarily affects potential

16

17         DEPUTY COMMISSIONER POE:  Okay.  And you received 30 days, right?

18         [PETITIONER]:  Yes, that's correct.

19  (Dkt. No. 13-1 at 31.)  Later in the hearing, petitioner's attorney offered to introduce a chrono
regarding a 115 cell phone incident for petitioner's bunkee, inmate Lopez, in which the officer
20  "says that he saw the inmate throw the cell phone down."  (Id. at 54.)

21      [3]  In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C.
§ 1983 seeking damages, declaratory relief and injunctive relief.  Id. at 853.  The prisoner's
22  complaint alleged that the procedures of his prison disciplinary hearing and the term of his
administrative segregation violated his constitutional rights.  Id. at 852.  The district court
23  dismissed both claims.  Id.  The Ninth Circuit reversed, holding that an inmate can "challenge the
conditions of his confinement under § 1983 [where] his claim, if successful, would not
24  necessarily invalidate a disciplinary action that affects the fact or length of his confinement."  Id.
In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions
25  addressing the availability of habeas corpus to challenge the conditions of imprisonment."  Id. at
858.  The Ninth Circuit suggested that "habeas jurisdiction is absent . . . where a successful
26  challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Id. at 859.

eligibility for parole"); <u>Bryant v. Scribner</u>, No. 06-1856 JM(LSP), 2007 WL 3276280 at *4 (S.D. Cal. Nov. 5, 2007) (habeas corpus jurisdiction found proper over a challenge to a rules violation report resulting in 150 days loss of credits).  Accordingly, the pending motion to dismiss should be denied, and respondent should be directed to file an answer to the petition.

III.  <u>Conclusion</u>

IT IS HEREBY RECOMMENDED that:

1.  Respondent's August 23, 2010 motion to dismiss (dkt. no. 11) be denied; and

2.  Respondent shall file an answer to petitioner's habeas petition within sixty days from the date of any order adopting the instant findings and recommendations.  <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases.  The answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 3, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rodr1226.mtda

5