IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHU RODRIQUEZ,<br><br>                    Petitioner,<br><br>        vs.<br><br>GARY SWARTHOUT, Warden, California State Prison, Solano,<br><br>                    Respondent. | No. 2:10-cv-01226-JKS<br><br>MEMORANDUM DECISION |

Nahu Rodriquez, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Rodriquez is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Rodriquez has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Following his conviction upon the entry of a guilty plea to one count of attempted murder under California Penal Code §§ 664/187 with enhancements for the use of a firearm under California Penal Code §§ 12022d and 12022.7, in March 1996 Rodriquez was sentenced in the Stanislaus County Superior Court to a prison term of life with the possibility of parole plus four years. Rodriquez does not challenge his conviction and sentence in this proceedings.

In October 2008 Rodriquez was charged in a Rules Violation Report ("RVR") of possession of contraband, specifically a cell phone and charger in violation of prison regulations.[1] After a hearing before a Senior Hearing Officer ("SHO"), Rodriquez was found guilty and

---

[1] Cal. Code Regs., tit. 15, § 3006(c)(16).

assessed as thirty-day loss of good-time credits.  Upon completion of the administrative appeals process,[2] Rodriquez timely filed a petition for habeas relief in the Solano County Court, which denied Rodriquez's petition in an unreported, reasoned decision.  The California Court of Appeal, Third Appellate District, summarily denied Rodriquez's habeas petition, citing *Superintendent v. Hill*, 472 U.S. 445 (1985), and *In re Zepeda*, 47 Cal. Rptr. 3d 172 (2006).  Rodriquez's subsequent petition to the California Supreme Court was summarily denied without opinion or citation to authority on February 24, 2010.  Rodriquez timely filed his Petition for relief in this Court on May 17, 2010.

The facts underlying Rodriquez's conviction, as stated in the RVR:

> On 10-29-06, at approximately 2315 hours, while conducting my duties as Facility IV S & E, as directed by Facility IV Sergeant Stubbs, I conducted a search of Inmate Rodriquez (K00152), bed area 21-0-5L.  I found a Metro PCS Cellphone with a charger.  The cellphone and charger was discovered on the corner of 21-0-5L bunk against the wall.[3]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Rodriquez raises a single ground:  that the finding that the cell phone was his is not supported by any evidence.  Respondent raises no affirmative defense.[4]

---

[2] Prisoner disciplinary actions are subject to internal administrative review at the institutional and departmental levels.  Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2, 3084.7, 3084.9.

[3] Docket No. 11-3 at 13.

[4] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[5] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412 (alteration added).

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be "objectively unreasonable," not just "incorrect or erroneous."[9]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[10]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[11]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state court criminal trial is whether the error had a substantial

and injurious effect or influence in determining the outcome.[12]  Because state court judgments of

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden

of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
> federal court relitigation of claims already rejected in state proceedings.  *Cf.*
> *Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)
> (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves*
> *authority to issue the writ in cases where there is no possibility fairminded jurists*
> *could disagree that the state court's decision conflicts with this Court's*
> *precedents.  It goes no farther.*  Section 2254(d) reflects the view that habeas
> corpus is a "guard against extreme malfunctions in the state criminal justice

---

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[14]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[15]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[16]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[17]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the

---

[14] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[15] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[16] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[17] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

court of appeal, the defendant has the option of either filing a new original petition for habeas

relief or a petition for review of the court of appeal's denial in the California Supreme Court.[18]

This is considered as the functional equivalent of the appeal process.[19]

IV.  DISCUSSION

A.    **Availability of Habeas Relief**

Respondent previously moved to dismiss the Petition on the grounds that, because

Rodriquez is serving an indeterminate term of life with the possibility of parole, under California

law he is ineligible to earn good-time credits.  Therefore, Respondent contended that the

disciplinary action had no impact on Rodriquez's sentence and was not properly brought in a

habeas proceeding.[20]  This Court, adopting the Findings and Recommendations of the magistrate

judge, denied the motion.[21]  In his answer Respondent again raises the same issue.  Under the law

of the case doctrine a court is generally precluded from reconsidering an issue that has already

been decided by the same court or a higher court in the same case.[22]  The law of the case

doctrine, however, is not a shackle without a key.  As long as a district court retains jurisdiction

over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient

cause.[23]  That inherent power is not unfettered:  a court may depart from the law of the case

---

[18] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[19] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

[20] Docket No. 11.

[21] Docket No. 19.

[22] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[23] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[24]  Respondent has provided no basis for this Court to reconsider its previous Order.

**B.      Merits**

At the conclusion of the disciplinary hearing, the SHO made the following findings:

**FINDINGS:**
Inmate found GUILTY of a Division F charge based upon a preponderance of the evidence which substantiates the charge of CCR §3006(c)(16), with the specific act of "CONTRABAND–POSS. OF A CELL PHONE."  This evidence includes:

A.      The Reporting Employee's Report, dated 10-129-08, authored by C/O M. Shergill, which states in part:  "I conducted a search of inmate Rodriquez (K-00152), be3d area 21-0-5L.  I found a Metro PCS Cellphone with a charger.  The cellphone and charger was discovered on the corner of the 21-0-5L bunks against the wall."

B.      The SHO doesn't find inmate Lopez's testimony to be credible. Inmate Lopez stated he did not slide the phone down the wall until he saw the Officer's [*sic*] approaching.  Inmate Lopez's bunk was in full view of Officer Shergill as he approached because the wall he claimed to have slid the phone down is approximately six inches below the top bunk.  Inmate Lopez would have had to reach down below the bottom of his bunk in full view of the Officer to slide the phone and charger along the wall.  The SHO doesn't find Inmate Lopez [*sic*] testimony credible that he only disposed of one of the phones he claimed to have in his possession when he saw the Officer's [*sic*] coming while maintaining possession of the second phone until he was searched.

C.      **CONSTRUCTIVE POSSESSION:**  Means anything that you have under your domain or control.  The contraband was discovered on Rodriquez's bed, which was in his immediate control.[25]

---

[24] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote omitted) (internal quotation marks omitted)*, overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[25] Docket No. 11-3 at 15.

Rodriquez contends that, because his cell-mate admitted ownership of the cell phone and there was no direct evidence that the cell phone belonged to Rodriquez, there was insufficient evidence to support the SHO's finding.  In particular, Rodriquez argues that the SHO failed to establish that:  (1) Rodriquez's prints were on the phone; (2) Rodriquez's family phone number was on the call log; (3) Rodriquez was one of the inmates that Lopez was renting cell phones to; (4) Lopez was not the sole owner of both cell phones, as Lopez admitted, with certainty and beyond a reasonable doubt; and (5) Lopez was not telling the truth with certainty and beyond a reasonable doubt that.  The Solano County Court rejected Rodriquez's arguments, holding:

> Petitioner has failed to state a prima facie case for relief on any of his claims. (People v. Duvall (1995) 9 Cal 4th 464, 475.)  Petitioner argues insufficient evidence supports his finding of guilty.  The Court must uphold the disciplinary guilt finding if some evidence supports it.  (In re Zepeda (2006) 141 Cal App 4th 1493, 1498.) There is sufficient evidence supporting the finding of guilt.[26]

The California Court of Appeal also denied Rodriquez relief without opinion, but cited *Superintendent v. Hill*, 472 U.S. 445 (1985), in addition to *In re Zepeda*, 47 Cal. Rptr. 3d 172 (2006).[27]

Rodriquez misperceives the role of this Court in a federal habeas proceeding challenging a prison disciplinary action.  The applicable constitutional standard by which federal habeas courts are bound in reviewing state prisoner disciplinary findings is whether "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."[28] This standard does not require that the court independently assess the credibility of the witnesses

---

[26] Docket No. 11-4 at 2.

[27] Docket No. 11-6 at 2.

[28] *Hill*, 472 U.S. at 455-56 (emphasis added).

or re-weigh the evidence.[29]   Because a prison disciplinary proceeding "is not comparable to a criminal conviction, . . . neither the amount of evidence necessary to support such a conviction, . . . nor any other standard greater than some evidence applies in this context."[30]

Here, Rodriquez's arguments to the contrary notwithstanding, there was sufficient evidence to establish constructive possession of the cell phone.  Consequently this Court cannot say that the decisions of the California Courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31]

---

[29] *Id.* at 455.

[30] *Id.* at 456 (citations omitted).

[31] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

## V.  CONCLUSION AND ORDER

Rodriquez is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[32]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[33]

The Clerk of the Court is to enter judgment accordingly.

Dated: February 9, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[32] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's  resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  (quoting *Miller-El v. Cockrell*, 537 U.S. 307, 327 (2003))).

[33] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.